UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| WILLIS WILLIAM PAREDES-ABAD<br>Movant<br><br>vs.<br><br>UNITED STATES OF AMERICA<br>Respondent | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. M-15-469<br><br>CRIMINAL NO. M-14-971-2 |

## REPORT & RECOMMENDATION

Movant, a federal prisoner proceeding pro se, filed this motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Dkt. Entry No. 1.) This case was referred to the undersigned for report and recommendation. Because Movant did not raise any claims in his application for relief, Respondent filed a Motion for a More Definite Statement and requested that the Court deny Movant's § 2555 motion if Movant fails to set forth grounds for relief. (Dkt. Entry No. 5.) In response, Movant filed a supplement to his § 2255 motion, in which he asserted his grounds for relief. (Dkt. Entry No. 6.) Respondent did not file a response to the claims Movant raised in the supplement. (*See* Dkt. Sheet.) Regardless, this case is ripe for disposition on the record, and an evidentiary hearing is unnecessary because the record shows conclusively that Movant is not entitled to relief.

After careful review of the record and relevant law, the undersigned respectfully recommends that Movant's § 2255 motion be **DENIED** on the record, the claims be **DISMISSED** with prejudice, Respondent's Motion (Dkt. Entry No. 5) be **DENIED** as moot, and the case be closed.

### I. JURISDICTION

The Court has jurisdiction over the subject matter and parties. *See* 28 U.S.C. § 2255.

## II. BACKGROUND

On September 2, 2014, Movant pleaded guilty, pursuant to a plea agreement, to possession with intent to distribute 100 kilograms or more, that is, approximately 999 kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(B) and 18 U.S.C. § 2. (Crim. Dkt. Entry No. 50.) On November 19, 2014, the Court, the Honorable Micaela Alvarez presiding, sentenced Movant to a term of 63 months in the custody of the Bureau of Prisons and imposed a 4-year term of supervised release and a special assessment of $100.00. (*Id.*) The criminal judgment was entered on the docket on November 28, 2014. (*Id.*) Movant did not file a direct appeal. (*See* Crim. Dkt. Sheet.)

Movant's incomplete, undated § 2255 application was docketed on November 9, 2015, and he filed his supplement in response to Respondent's motion for a more definite statement on September 25, 2016, which was about a month after Respondent filed its motion for a more definite statement. (Dkt. Entry No. 1 at 7; No. 6 at 2.) *See United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (stating that a § 2255 motion is deemed filed at the time it is delivered to prison officials for mailing).

## III. SUMMARY OF THE PLEADINGS

Movant proceeds pro se. Pro se pleadings are held to less stringent standards than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Pleadings filed by a pro se litigant are entitled to a liberal construction. *United States v. Pena*, 122 F.3d 3, 4 (5th Cir. 1997) (citing *Nerren v. Livingston Police Dep't*, 84 F.3d 469, 473 n.16 (5th Cir. 1996)).

Movant's raises the following claims in his succinct two-page supplement to his § 2255 application for relief (which raised no claims):

(1) Movant claims that his attorney promised him a safety valve, and the government did not give Movant any credit for his contribution. He points out that a co-defendant received a safety valve, and Movant asserts that he should have been given the same opportunity because he, Movant, qualified for the safety valve. Movant asserts that counsel rendered ineffective assistance by not bringing this issue to Movant's attention, and counsel's failure to do so cost Movant points that would have lowered his sentence.

(2) Movant claims that he should been awarded "fast track" points by the government because Movant pleaded guilty within 5 months and did not give the government any trouble in prosecuting the case.

(3) Movant claims that he was awarded only 2 points for acceptance of responsibility, instead of 3.

(4) Movant claims that he has recently learned that the mandatory minimum no longer applies, and, in light of this, he asks the Court to consider re-sentencing him to a sentence below the mandatory minimum of five years, or at least be given a sentence of 5 years.

(Dkt. Entry No. 6 at 4–9.)

## IV. APPLICABLE LAW & ANALYSIS

### Ineffective Assistance of Counsel

Claims of ineffective assistance of counsel are appropriately raised for the first time in a section 2255 proceeding. *Macer v. United States*, 538 U.S. 500, 504 (2003). When a federal prisoner proceeds under § 2255 on constitutional grounds of ineffective assistance of counsel, the prisoner must satisfy the two-prong standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). The prisoner must show that counsel's performance was deficient and that prejudice resulted from that deficiency. *Id.* at 687. The federal prisoner must demonstrate deficient performance and prejudice by a preponderance of the evidence. *United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007).

To demonstrate deficient performance under the first prong, the prisoner must show that counsel's representation fell below an objective standard of reasonableness. *Strickland*, 466 U.S.

at 687–88. A court's scrutiny of counsel's performance is "highly deferential," and every effort must be made "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Under the second *Strickland* prong, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.* at 687. As a general rule, prejudice in the sentencing context requires a showing that the sentence was increased due to counsel's error. *See Glover v. United States*, 531 U.S. 198, 203–04 (2001).

**Claim 1**

In his first claim, Movant claims that his attorney promised him a safety valve, but the government did not give Movant any credit for his contribution. He points out that a co-defendant received a safety valve, and Movant alleges that he should have been given the same opportunity because he also qualified for the safety valve. Movant asserts that counsel rendered ineffective assistance by not bringing this issue to Movant's attention, and counsel's failure to do so cost Movant points that would have lowered his sentence.

The undersigned finds that Movant fails to show that counsel rendered ineffective assistance based on this ground. First, because Movant alleges that counsel promised him a particular sentence or promised him that he would receive a particular sentencing outcome if he pleaded guilty, Movant is required to come forward with precise information on collateral review. *See United States v.*

4

*Cervantes*, 132 F.3d 1106, 1111 (5th Cir. 1998) ("A defendant may seek habeas relief on the basis of alleged promises, though inconsistent with representations she made in open court when entering her guilty plea, by proving (1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise."). Movant does not offer this information. Instead, Movant simply alleges that counsel promised him the safety valve, but this conclusory allegation is not sufficient to establish a meritorious claim of ineffective assistance of counsel on this ground. *See, e.g., Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (explaining that, while "*pro se* habeas petitions must be construed liberally, mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue"); *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition, unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value.")

Second, Movant's allegations are contradicted by Movant's sworn testimony at the rearraignment and sentencing hearings, as well as by the plea agreement. *See, e.g., Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977) (stating that "[s]olemn declarations in open court carry a strong presumption of verity" and indicating that the representations made by the defendant at a plea hearing, as well as the findings made by the trial judge accepting the plea, constitute a formidable barrier to any subsequent collateral attacks); *Cervantes*, 132 F.3d at 1111 (explaining that any documents signed by the defendant at the time of the guilty plea are entitled to "great evidentiary weight"). The record reflects that the Court performed a thorough plea colloquy and concluded that Movant's guilty plea was intelligent, knowing, and voluntary. (*See* Rearraignment Tr.) Movant told the Court that, other than what was contained in the plea agreement, he did not think there were any

5

other promises "from anybody, whether that be the Government, your attorney, or somebody else" that had been made to him in exchange for his plea of guilty. (*Id.* at 27.) When the Court asked Movant if he had the opportunity to discuss with his attorney the range of punishment he was facing if he pleaded guilty, Movant answered in the affirmative. (*Id.* at 15.) The rearraignment transcript reflects that Movant told the Court he understood he was facing a minimum of 5 years and up to a maximum of 40 years' imprisonment. (*Id.* at 15–16.) At that point, the Court admonished Movant very clearly about his possible sentencing range, as follows:

> So whatever your attorney has told you right now that the attorney thinks is your guideline range, it could turn out to be different at the time of sentencing. It is important that you understand that whatever your attorney has told you, it is not a promise or a guarantee that that will in fact be your guideline range. Do you understand this?

(*Id.* at 22.) Movant answered in the affirmative. (*Id.*) The Court asked Movant if he had any questions about any of the things the Court had covered with Movant. (*Id.*) The following exchange took place in response to the Court's question:

**DEFENDANT PAREDES-ABAD**: I have one question.

**THE COURT**: Yes, sir?

**DEFENDANT PAREDES-ABAD**: Can you repeat again on the safety valve if you have a prior record, a prior conviction, you would qualify or not?

**THE COURT**: It will depend. There's a lot that goes into it, so the only thing I can tell you it depends because we do look at your prior convictions. Now, there may be some prior convictions that don't count for any points. Some of them will count for points. It's a very complicated process. So if you have convictions where you received a sentence of more than 13 months and those were at sometime within the last 15 years -- and this is generally speaking because there's so -- even within that, you have to look at it very carefully. But those may very well give you three points. If you get three points, you're not going to qualify. Sometimes the convictions are too old or the sentence wasn't long enough, they may get 12 two points, they may get one point, or they may get no points. So it will depend on the kind of criminal history that you have and how long ago that was. But if you have more than one point, you are not going to qualify for safety valve.

6

**DEFENDANT PAREDES-ABAD**: Okay.

(*Id.* at 22–24.) The transcript of the rearraignment hearing undermines Movant's allegations that a promise was made by anyone or that Movant was not informed about what the safety valve is. Movant also assured the Court that counsel had discussed Movant's possible sentencing exposure with him.

The sentencing transcript reflects the following exchange, which also undermines Movant's allegation that counsel did not bring to Movant's attention the matter of the safety valve:

**THE COURT**: Mr. Alvarez, did you receive and review the Presentence Investigation Report?

**MR. ALVAREZ**: Yes, your Honor.

**THE COURT**: Did you review it with your client?

**MR. ALVAREZ**: Yes, your Honor.

**THE COURT**: Mr. Paredes, did you review with your attorney the Presentence Investigation Report?

**THE DEFENDANT**: Yes, ma'am.

**THE COURT**: Is there a motion from the Government here?

**MS. LEO**: The Government would move for the third acceptance point, your Honor.

**THE COURT**: With that third acceptance point then, Mr. Paredes, the guideline range becomes 63 to 78 months. Do you also understand that?

**THE DEFENDANT**: Yes, ma'am.

**THE COURT**: Mr. Alvarez, is there anything you wish to say on your client's behalf?

**MR. ALVAREZ**: Judge, the calculations are right, Judge, (indiscernible) the only thing we request from the Court, Judge, and it's not going to make much of a difference, a minor participant, Judge. I mean, he's still stuck with the mandatory minimum on this matter, Judge. **We did not qualify for the safety valve on this matter, Judge. I've explained that to Mr. Paredes. I think he understands the situation with that, Judge.** We would ask the Court for whatever (indiscernible),

Judge, and just (indiscernible), Judge, to at least sentence him at the lower end or the mandatory minimum of 60 months, Judge.

**THE COURT**: Well, the -- as far as the role adjustment, my only problem is here he's, you know, moving the drugs, you know, from one location to another, that is to the warehouse, and then storing them in the warehouse for the ultimate transfer up north, and I just don't see how that warrants a role adjustment here, so that request is denied.

**MR. ALVAREZ**: Thank you.

(Sentencing Tr. 2–3.) (emphasis added.)

Movant's sworn statements to the Court at the rearraignment and sentencing hearings, the Court's explanation to Movant about the safety valve, and counsel's representations to the Court are inconsistent with and contradict Movant's post-conviction assertions that counsel assured or promised Movant that he would get the safety valve or that Movant was not informed about the safety-valve option. Moreover, and contrary to Movant's assertion that he was eligible for the safety valve, the record reflects that he did not qualify for the safety valve because he had three criminal history points (with a Criminal History Category of II). (Crim. Dkt. Entry Nos. 31; 51.)

This first claim lacks merit and should be denied and dismissed with prejudice.

**Claim 2**

For his second claim, Movant argues that he should been awarded "fast track" points by the government because he pleaded guilty within 5 months and did not give the government any trouble in prosecuting the case. This claim lacks merit because he fails to explain or show that any "fast track" program applied to his criminal case, let alone a program that would have required the government to forfeit its discretion in the matter or to act affirmatively, regardless of the offense involved, *see United States v. Gomez-Herrera*, 523 F.3d 554, 561 (5th Cir. 2008) ("Even in a fast track jurisdiction, a defendant is not automatically entitled to the benefits of the program."). Along

the same lines, Movant's claim is conclusory. *See, e.g., Koch*, 907 F.2d at 530 (explaining that, while "*pro se* habeas petitions must be construed liberally, mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue"); *Ross*, 694 F.2d at 1011 ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition, unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value."). Movant's second claim is conclusory and lacks merit. It should be denied and dismissed with prejudice.

**Claim 3**

For his third claim, Movant asserts that he was awarded only 2 points for acceptance of responsibility, instead of 3. As the excerpt from the sentencing transcript under Claim 1 shows, Movant did receive 3 points for acceptance of responsibility. Accordingly, Movant's third claim lacks merit and should be denied and dismissed with prejudice.

**Claim 4**

In his final claim, Movant asserts that he has recently learned that the mandatory minimum no longer applies, and, in light of this, he asks the Court to consider re-sentencing him to a sentence below the mandatory minimum of five years or, at least, to a sentence of five years. The sentencing transcript reflects that the Court was very clear about its reasons for imposing the Guideline sentence it did, which, notably, exceeded the mandatory minimum (60 months) by three months (63 months). The Court explained, for example, that Movant's statement of apology was typical of defendants who get caught (*e.g.*, rings hollow) and that Movant was perpetuating the drug trade not only in the U.S., with all of its harmful effects, but also hurting Mexico through his actions. (Sentencing Tr. at 4–5.) The Court stated expressly that a sentence within the Guideline range was warranted, and

the Court, based upon its consideration of Movant's case and the attendant circumstances, imposed a sentence of 63 months. (*Id.* at 5.) There is nothing from the criminal proceeding to suggest the Court was inclined to sentence Movant to 60 months, let alone anything to indicate the Court would have been inclined to go below that, were it permitted for the reason Movant alleges. Movant, of course, does not identify any legal authority reflecting a lowering of the mandatory minimum for his offense. He merely alleges that "he's heard" it has changed.

To the extent relevant, the criminal record reflects that, on June 1, 2016, Judge Alvarez denied Movant's request for a sentence reduction, pursuant to 18 U.S.C. § 3582, based on Amendment 782 because he was sentenced under the 2014 Guidelines, when the drug-quantity changes were already incorporated. (Crim. Dkt. Entry No. 58.)

Movant's fourth claim lacks merit and should be denied and dismissed with prejudice.

## V. CONCLUSION

### *Recommended Disposition*

After careful review of the record and relevant law, the undersigned respectfully recommends that Movant's section 2255 motion be **DENIED**, the claims be **DISMISSED** with prejudice, Respondent's Motion for a More Definite Statement be **DENIED** as moot, and the case be closed.

The undersigned also respectfully recommends that the District Court **DENY** a Certificate of Appealability upon issuance of its final order in this section 2255 proceeding. The undersigned finds that the record does not support the conclusion that reasonable jurists could find this Court's "assessment of the constitutional claim[s] debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## Notice to the Parties

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. A party may respond to another party's objections within 14 days after being served with a copy thereof. The district judge to whom this case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

The clerk of this Court shall forward a copy of this document to the parties by any receipted means.

**DONE** at McALLEN, Texas, this 21st day of November, 2017.

_____
Dorina Ramos
UNITED STATES MAGISTRATE JUDGE